Case 1:19-cr-00118-JMS-DML   Document 74   Filed 07/02/24   Page 1 of 4 PageID #: 273

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DIONTAY GALE | ) | Case No: 1:19-cr-00118-JMS-DML-1 |
| | ) | USM No: 16955-028 |
| Date of Original Judgment: 12/15/2021 | ) | |
| Date of Previous Amended Judgment: | ) | Doneaka Rucker-Brooks (prior) |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 07/02/2024

*Jane Magnus-Stinson*
*Judge's signature*

Effective Date: _____
*(if different from order date)*                                                      *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cr-00118-JMS-DML |
| | ) | |
| | ) | |
| DIONTAY GALE (01), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Diontay Gale (01) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [66].[1] Mr. Gale was convicted of attempted possession with intent to distribute 500 grams or more of methamphetamine (mixture). [62]. He received a sentence of 120 months. [Id]. He seeks a relief under Amendment 821, "seeking a 2 point reduction due to falling within the acceptable criteria." [66]. The Government has filed a Response in Opposition in which it asserts that Mr. Gale is ineligible for any reduction because while the amendment does not apply to him, as the sentence imposed was below the guideline range [73].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Gale. [67]. Counsel was later granted leave to withdraw. [70]. Mr. Gale was afforded an opportunity to supplement his petition following the withdrawal [71], which he did not.

Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Gale is ineligible for resentencing. Mr. Gale's sentence of imprisonment was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Instead, the Court varied from the guideline sentencing range and imposed a sentence well below it. While Mr. Gale's guideline range would be lower under Part A to Amendment 821 – reduced from 151–188 to 135–168 months – the actual sentence imposed of 120 months is remains below that range. The Amendment prohibits the Court from any further reduction. "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Gale's Motion to Reduce Sentence [66] is **DENIED.**

IT IS SO ORDERED.

Date: 7/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

<u>By U.S. Mail to:</u>
Diontay Gale
Reg. No. 16955-028
FCI Milan
P.O. Box 1000
Milan, MI 48160